Rumrill v. Adams.

---

DANIEL C. RUMRILL *vs.* FRANCIS ADAMS, executor.

Although a requested instruction may be sound, as an abstract proposition, still if there was no testimony from which the jury could legitimately have inferred facts sufficient to base the instruction upon, a refusal to give it could not be ground for exceptions.

In the trial of an action for labor and services rendered to the defendant's testator, the value of an unconditional devise to the plaintiff by the testator, is immaterial, in the absence of any evidence that it was made or received in payment of the services claimed.

Rumrill *v*. Adams.

When services, valuable to another, are rendered with his consent, he is liable to pay a reasonable compensation therefor; and if he would avoid payment on the ground that they were a gratuity, or that the person performing them did so only with the expectation, that he should receive a portion of the other's property by will, the burden of proof is upon him who affirms such facts.

ON EXCEPTIONS.

ASSUMPSIT for services alleged to have been rendered the defendant's' testator, John Given, during the last six years of the testator's life, he having died Jan. 29, 1869.

The plaintiff, being admitted as a witness, without objection, testified, *inter alia*, that he lived with his uncle Given (testator) on the place ; he was married April, 1860, and went to New Hampshire in 1864, where he remained one year ; that Given said he did not want him to leave, and that witness would do better to stay with him ; that he had some property, and witness would do better to stop ; that Given made no offer then, but promised him some land before that ; that Given wanted witness to come back, sent for him, said he could not get along without him, and that witness would do better to stay with Given than remain in New Hampshire, but did not say why witness would fare better ; that about nine years ago Given promised witness all the land witness now has, and said by and by they would see about some more.   The five acres he promised to give when witness returned from New Hampshire. He did not give that.

On cross-examination, he testified that he worked on Given's farm most of the time the year he went to New Hampshire ; that witness had some of the produce from the farm, cannot tell how much ; that he never carried on the place on shares ; worked on the place the last year Given lived ; had some corn and potatoes to use along ; worked all the season ; kept no account of what he had when he worked away from home ; neither kept any account.

The defendant offered evidence of the value of the property described in the will, as devised and bequeathed to the plaintiff.   But the presiding judge excluded all evidence of the value of the property.

The following extract of John Given's will was put into the case :

" 2. I give and devise to Daniel C. Rumrill, the following described real estate, in Topsham aforesaid, viz., a lot of land containing about twelve acres, which I purchased of Collomore Mallett, lying on the westerly side of Cathance river, and between land of John Graves and land of Alfred C. Graves. Also, my interest in the field upon which the house of the said Daniel C. Rumrill is situated, being one undivided half of the same, owned in common with my brother, Samuel Given, including my barn on said field, to have and to hold to the said Rumrill, his heirs and assigns forever.

" I also give and bequeath to said Daniel C. Rumrill, my horse and wagon, and harness and sleigh."

The presiding judge charged the jury as follows :

[In this case the plaintiff commences his action to recover a sum of money which he says is due him for six years' services, rendered one John Given, who has since deceased. The services were rendered the last six years before his death. And the simple question is, did he render such, or any services to the testator, under such circumstances as to entitle him to pay, and if so, how much? That there were some services rendered does not seem to be denied. The amount of services, however, seems to be disputed. The plaintiff claims in his writ for but six years, and, of course, can recover for no more. In order to ascertain whether he is or is not entitled to recover, it became important, in the first place, to ascertain whether he did render the services, and also the kind of services. For he would be entitled to recover a reasonable compensation, considering the circumstances. He has proved to you that he has rendered some services, how much, of course, is for you to decide. Having found he has rendered more or less services, he will be entitled to recover a reasonable compensation for these services, unless the proof satisfies you from some reason or other, that he is not entitled to recover.

The ordinary rule of law is, when services have been rendered to another, which are valuable to him by his consent, or with his

knowledge, and without any objection on his part, he is liable for such services rendered. For the law implies a promise on the part of the one receiving services, to pay for them. So that if this case rested here there would be no question about his right to recover. But the defendant says, that these services were rendered without any expectation of pay ; that he rendered them with the expectation of receiving a portion of the testator's property by his will. The burden of proof is upon the defendant, to satisfy you of this fact. If they were rendered as a gratuity, and so understood by the parties, it would be too late for him to turn round and ask pay for them. That there was a legacy to this plaintiff, is not denied, and the will has been introduced before you. This will is in writing, and, therefore, it becomes my duty to give it a construction as matter of law. We find in this will an absolute, unconditional legacy to the plaintiff, whether of more or less value is not material in this case. The legal construction is, that it was a gift, nothing more and nothing less.

If it had been intended as a payment, then there should have been a condition attached to the legacy, providing that the legatee should receive it in payment, or full discharge of all claims against the estate. Then if the plaintiff had received it, he could not recover in his suit. But there is no such condition attached, it is a bare, naked legacy, and is, therefore, a naked gift. The result is, there is no proof in the will that this was to be payment or compensation in any way for services rendered. If one person renders service to another, and that other voluntarily makes him a present, he may have various reasons for doing it, but the person rendering the service is just as much entitled to receive his compensation .as though he had not received the gift. Whether the legacy is of little or great value is of no consequence. Then it is said that these services were rendered as a gratuity, with the expectation of receiving, in some way, a legacy for them. If the services were rendered as a gratuity, then he would not be entitled to recover ; for no person, after having made a present to another, can afterwards, in a court of law, recover compensation for it. Therefore, if these

Rumrill *v.* Adams.

services were rendered as a gratuity, plaintiff, not expecting or intending to claim pay for them, although he may have been expecting favors in return, he cannot recover. It therefore becomes important under this state of the case for you to examine the testimony and see how far it will sustain such a view of the case. The burden of proof is upon the defendant to satisfy you upon this point. It is possible you may view that will as of some weight on this ground; that if it was to be a compensation for his services, or a gratuity rendered in consideration of a gratuity having been received from this plaintiff, whether the testator would not have been likely to mention it in the will. He has left it a mere naked gift.

The real point in the case, as I understand it, is this: has the defendant satisfied you that the plaintiff performed these services, be they more or less, without any expectation of pay, other than what he was to receive by will as a gift, or performed them as a gratuity. If he did so perform them, he is not entitled to recover. If he did not so perform them, he is entitled to recover.

The presiding judge also instructed the jury that if the plaintiff is entitled to recover, they could not take into account anything received by plaintiff from defendant's testator, unless they found it was received in payment, as no account had been filed in set-off.]

At the close of the charge, the defendant requested the presiding judge to give the jury the following instructions:

1. "If the plaintiff performed services for the defendant's testator with a view to a legacy, without making any charge for such services, he could not recover, whether he received by the will property of as great value as the services, or not.

2. "If the plaintiff rendered services for the testator, with an understanding that compensation was to be made by will, and the plaintiff received by the will property of as great or greater value than the services rendered, it will be presumed to be in satisfaction of such services.

3. "If services were rendered for the testator by the plaintiff, without charge at the time, but with an expectation that he was to receive a gift of real or personal estate, either during the lifetime

of the testator, or by testamentary provisions at his decease, and he received by the will property of as great value as the services rendered, he can recover nothing further."

The presiding judge declined to give the foregoing requested instructions, saying he had already given them in substance.

The verdict was for the plaintiff; and the defendant alleged exceptions to the exclusion of testimony, refusal to give the requested instructions, and to all the instructions contained in the charge embraced within the brackets.

*F. Adams, pro se.*

1. From the testimony of the plaintiff, the jury might properly have found that the services were rendered neither as a gratuity or gift, nor with any expectation of pay other than such as he expected by the will; but that it was understood between the parties that the plaintiff was to receive as much by the will as his services were worth.

Such an understanding would amount to a contract, and the right of the plaintiff to recover would depend upon whether or not it was fulfilled by the testator.

If the testator failed to leave sufficient property to the plaintiff by the will, he could recover the value of his services; otherwise, not. Chit. on Cont. (10th Am. ed.) 591, note (z), and cases cited there, particularly *Jacobson* v. *Ex'r of Le Grange; Patterson* v. *Patterson,* 3 Johns, 199; *Eaton* v. *Benton,* 13 Johns. 576.

Performance on part of the testator would not depend upon the form of the devise in the will.

Hence, value of the devise was admissible.

2. The second and third instructions should have been given; they are not substantially given in the charge.

3. The burden of proof is always on the plaintiff to satisfy the jury that the defendant (testator) promised in manner and form, &c.; and if there is any evidence to raise a doubt in the minds of the jury, the ordinary presumption of a promise does not apply. Chit. on Cont. (10th Am. ed.) 591, note (a).

*Gilbert & Cleaves,* for the plaintiff.

KENT, J. The defendant excepts to the refusal of the judge to give a specified instruction. He insists that, "from the testimony of the plaintiff (no other testimony being stated, or relied upon), the jury might properly have found, that the services were rendered neither as a gratuity or gift, nor with any expectation of pay, other than such as he expected by the will, but that it was understood between the parties that the plaintiff was to receive as much by the will, as his services were worth."

In other words, that there was in fact a contract of this nature, binding on the parties, for the breach of which, this action could be sustained, if the devise or legacy to the plaintiff did not equal in value the services rendered.

With this view, the defendant requested an instruction that, "if the plaintiff rendered services for the testator, with an understanding that compensation was to be made by will, and the plaintiff received by the will property of as great, or greater value, than the services rendered, it will be presumed to be in satisfaction of such services."

The judge did not give this instruction.

As an abstract proposition, it may, perhaps, not be objectionable, But we cannot find in the evidence of the plaintiff relied upon, proof of any such distinct contract, nor any thing from which a jury could legitimately have inferred its existence. The most that it tends to prove for the defendant is, that the work was done without any precise contract for remuneration, or expectation of pay, but with the expectation, or hope, or indefinite understanding, that the plaintiff would have a legacy or devise in the testator's will, leaving it to his own determination what, and how much, to give.

The judge very distinctly stated to the jury, that if the services were thus rendered, "plaintiff not expecting or intending to claim pay for them, although he may have been expecting favors in return, he cannot recover."

This was presenting the evidence in the most favorable light for the defendant. If the jury could not find the existence of even this loose understanding, there would seem to have been but little

reason to suppose that they could have found a specific and distinct contract between the parties, that one should work and the other pay what would be due under a *quantum meruit* count, by a legacy or devise of sufficient value to cancel the debt.

The value of the property devised was immaterial, unless it was established that it was to be regarded as payment, under such a count.

The other rulings seem unobjectionable.

> *Exceptions overruled.*
> *Judgment on the verdict.*

APPLETON, C. J.; WALTON, DANFORTH, and TAPLEY, JJ., concurred.

BARROWS, J., did not concur.